RECEIVED AND FILED
CIRCUIT COURT OF
ST LOUIS COUN...

10 SEP -7 P2:09

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS

STATE OF MISSOURI

| | |
|---|---|
| DANNY J. FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 10SL-CC03629 |
| v. ) | |
| ) | |
| CITY OF WOODSON TERRACE and ) | |
| PATROLMAN J. SIMONPIETRI, ) | |
| BADGE NO. 0080, ) | Division: |
| Defendants. ) | |
| ) | |
| SERVE: City of Woodson Terrace ) | |
| Mayor, City Clerk or Managing ) | |
| Agent in Charge ) | |
| 4305 Woodson Road ) | |
| Woodson Terrace, MO 63134 ) | |
| ) | |
| SERVE: Officer J. Simonpietri ) | |
| Badge No. 0080 ) | |
| Woodson Terrace Police Department ) | |
| 4305 Woodson Road ) | |
| Woodson Terrace, MO 63134 ) | |

## PETITION

**COMES NOW** Plaintiff Danny J. Flowers and for his Petition against Defendants, states as follows:

1. Plaintiff Danny J. Flowers is, and was at relevant times, a resident and citizen of the State of Missouri, residing in St. Louis County.

2. Defendant City of Woodson Terrace is a city or municipal corporation of the State of Missouri which employs the City of Woodson Terrace Police Department and provides law enforcement and police services.

3. Defendant Officer J. Simonpietri was at all relevant times a police officer with the Woodson Terrace Police Department having Badge No. 0080.

4. Defendant Officer Simonpietri was at all relevant times acting under the color of law as a uniformed officer of the Woodson Terrace Police Department.

5. Plaintiff's usual employment is as a high school teacher; but during the summer of 2010 when school was in recess he worked at a car rental/service facility near the Airport on Natural Bridge Road in St. Louis County, Missouri.

6. On July 5, 2010 at approximately 10:30 p.m., when he had left his place of employment, he was traveling eastbound on Natural Bridge Road just east of Woodson Road when he noticed a police car with flashing lights behind him, and so he pulled over.

7. The police car was being driven by Officer Simonpietri who approached and began to question Plaintiff Flowers but did not say why he was being stopped.

8. Officer Simonpietri is white or Caucasian and Plaintiff Flowers is black or African-American.

9. Plaintiff Flowers denied that he had done anything wrong and generally indicated he did not know why he was being stopped and Officer Simonpietri explained he suspected Plaintiff Flowers was drunk because his car had crossed a double line.

10. Officer Simonpietri demanded Plaintiff Flowers produce his driver's license and proof of insurance, and in return Plaintiff Flowers provided, along with his license, a letter or computer print-out containing a statement that he was insured.

11. Officer Simonpietri stated that the piece of paper was not sufficient and that the proof of insurance needed to be on a printed card.

12. Officer Simonpietri returned to the police car and, after a few moments, returned with two traffic tickets or citations, one for crossing the double or yellow line and the other for failing to show proof of insurance; then Defendant Officer Simonpietri told Mr. Flowers that his court date would be August 4, 2010.

13. At about the time Officer Simonpietri gave Plaintiff Flowers the ticket and informed him of the date for the court appearance, Plaintiff Flowers asked Officer Simonpietri if he had indicated on the tickets that Plaintiff Flowers was an African-American.

14. Defendant Officer Simonpietri became upset, announced that Plaintiff Flowers was accusing him of being a racist by making that comment, stated that Plaintiff Flowers actually was the racist, repeatedly called Plaintiff Flowers a racist and/or asked how Plaintiff Flowers could sleep at night being a racist.

15. Plaintiff Flowers responded that he would challenge the tickets in court because they were not fair. Officer Simonpietri continued to call Plaintiff Flowers a racist until he finally moved away from Mr. Flower's vehicle.

16. As Officer Simonpietri was leaving Plaintiff Flowers' vehicle he said in a sarcastic tone "you have a nice day sir" and continued to mumble or talk to himself as he walked back to the police car.

17. Plaintiff Flowers drove his car onto the travel portion of the road and Defendant Officer Simonpietri likewise pulled onto the road.

18. Plaintiff Flowers noticed that the police lights on the police car were still flashing and so he pulled over again, having traveled only a very short distance; Officer Simonpietri likewise pulled over.

19. Plaintiff Flowers used a mobile phone to call a friend who in turn contacted his son.

20. Defendant Officer Simonpietri ordered Plaintiff Flowers out of his vehicle, handcuffed him and searched through his pockets without explaining why he had pulled Flowers over a second time.

21. Officer Simonpietri put Plaintiff Flowers in the patrol car and then thoroughly searched Plaintiff Flowers' vehicle.

22. Officer Simonpietri then returned to the police car and called for a tow truck.

23. Plaintiff Flowers' son arrived on the scene and a request was made for the son to take Plaintiff Flowers' vehicle; but Defendant Officer Simonpietri refused to release the vehicle to Plaintiff's son and insisted that it be towed away.

24. Plaintiff Flowers' vehicle was towed away.

25. Plaintiff was taken to the Woodson Terrace jail where he was detained for one hour or less.

26. When Officer Simonpietri went through Plaintiff's wallet he found a business card which was printed to resemble a folded $100 bill which Officer Simonpietri stated would be kept as a $100 property bound.

27. Plaintiff Flowers was fingerprinted.

28. When Plaintiff Flowers was released, his personal property was returned.

29. To the best of Plaintiff Flowers' information and belief, he was not charged with any crime, offense or violation other than those set out on the two traffic tickets and he has never received any explanation for his arrest.

30. After his release from Woodson Terrace jail a number of persons or firms informed Plaintiff Flowers that they learned from a public record of some sort that he had been arrested and/or charged with a crime or offenses.

31. After his release from the Woodson Terrace jail Plaintiff Flowers was required to pay $115.00 to Doc's Towing, Inc. in order to redeem his vehicle which had been towed at the insistence of Defendant Officer Simonpietri.

32. There was at all relevant times, a statute in effect, 42 U.S.C. §1983 *et seq*, which reads in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution, and laws, shall be liable to the party injured in an action at law . . . for redress . . .

42 U.S.C. §1983.

33. Defendant Officer Simonpietri deprived Plaintiff Danny J. Flowers of the rights, privileges or immunities secured by the Constitutions and laws of the United States and Missouri, including, but not limited to, the Fourth and Fourteenth Amendments to the Constitution of the United States, in violation of that statute by placing him under arrest after Plaintiff was given the two citations or tickets mentioned above without justification, excuse or probable cause that he had engaged in any illegal or dangerous activity or that he was likely to engage in any illegal or dangerous activity; by seizing his vehicle, by searching him, and by keeping him in jail, all without probable cause or due process.

34. In addition to the above, or in the alternative, Defendant Simonpietri deprived Plaintiff of the rights, privileges or immunities secured for him and other citizens by verbally abusing him, insulting him, stopping him a second time, subjecting him to a public and unreasonable search of his person and his vehicle, seizing his vehicle, arresting him and causing him to be taken to jail where he was confined, detained and subjected to additional searches, all in retaliation for the remark made or question asked by Plaintiff Flowers concerning Plaintiff's race and possible racial profiling; and/or by subjecting Plaintiff Flowers to such abuse, arrest, detention and seizure of his property because of his race.

35. Defendant City of Woodson Terrace also deprived Plaintiff of the rights, privileges or immunities secured for him by the Constitution and laws of the United States and the State of Missouri in violation of the above statute in one or more of the following respects in that it failed to provide training and instruction to its police officers, including Defendant Officer D. Simonpietri, so that an officer would not verbally abuse, detain, handcuff, or arrest an individual or seize his property under the circumstances which existed on the road the night of July 5, 2010, or selectively use the power and authority of a uniformed, armed police officer to retaliate against a citizen for a remark the officer did not like or because of the individual's race.

36. The actions of Defendant Simonpietri were intentional and were done in reckless disregard of, and/or deliberate indifference to, Plaintiff's rights to be free from unreasonable arrest and seizure of his person and his property under any circumstances or conditions and his right to be free from selective use of police power because of his race or in retaliation for a comment about his race.

37.     As the direct and proximate result of the violation of Section 1983 as set out above, Plaintiff's suffered shame, humiliation and mental and emotional distress; was insulted on the road and was afraid of additional abuse and mistreatment when he was handcuffed and taken to jail; experienced yet additional apprehension and distress when he was searched at the jail and when a police officer thought a $100 bill had been discovered in his wallet; has a public record of arrest; has worried and continues to worry that the arrest and record of the arrest will create problems for him with respect to his career as a teacher in particular and in his social and professional life in general; and further, he has been required to pay $115.00 to recover his vehicle.

**WHEREFORE**, Plaintiff Danny J. Flowers prays for judgment in his favor and against Defendant D. Simonpietri and/or against Defendant City of Woodson Terrace for his actual damages in excess of $25,000, nominal or statutory damages, his reasonable attorneys' fees, punitive damages in an amount sufficiently large to deter Defendants and others; and his costs.

STATE OF MISSOURI )
) ss:
COUNTY OF )

**COMES NOW** Danny J. Flowers being of legal age, and first duly sworn, and states that the foregoing facts are true and correct to the best of his knowledge, information and belief.

*Danny Flowers*
DANNY J. FLOWERS

Subscribed and sworn before me, a Notary Public, this 22nd day of August, 2010.

_____
Notary Public

My Commission Expires: _____

MARTIN L. PERRON
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: March 16, 2013
Commission Number: 09638143

THE PERRON LAW FIRM, P.C.

_____
MARTIN L. PERRON, #26783
MARIA V. PERRON, #31739
275 North Lindbergh Boulevard
St. Louis, MO 63141-7809
(314) 993-4261
(314) 993-3367 FAX
mlp@perronlaw.com
ATTORNEYS FOR PLAINTIFF

I certify and attest that the above is a true copy of the original record of the Court in case number ___10SL CC 3629___ as it appears on file in my office.



Issued ___October 18, 2010___

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By
_____
Deputy Clerk

CCOPR36   Rev. 06/00